### In re MURRAY and others, alleged Bankrupts.

*(District Court, N. D. New York. 1882.)*

1. REFEREE'S FINDING OF FACT.
    Upon a consideration of the evidence, *held*, that the finding of the referee that no partnership existed in this case would not be reversed.

2. PARTNERSHIP—BANKRUPTCY—REMEDY IN STATE COURTS.
    Even if by failing publicly to disclaim the printed statement that they were directors, and by allowing their neighbors to believe that they were in some manner interested in a bank, parties are estopped from denying their liability to those who trusted such bank, relying upon their supposed connection with it, an appeal to a court of bankruptcy is not proper; as to declare such parties bankrupt would render them liable not only to those actually deceived, but to all who had claims against such bank, whether they were deceived or not, and those who were actually deceived have a perfect remedy in the state court.

*J. B. Brooks*, for petitioning creditors.

*D. B. Hill*, for alleged bankrupts.

COXE, D. J.   On the second day of September, 1873, a petition in bankruptcy was filed by which it was sought to have the respondents declared bankrupts, as copartners, doing business under the style and firm name of "The Waverly Bank."   The respondents Hugh T. and George Herrick suffered default, the others interposed answers.   The issues thus formed were referred to Register Fanton, to report the evidence with his opinion.   After proceedings both numerous and complicated, during the progress of which a voluminous mass of testimony was taken, the referee on the tenth day of June, 1882, presented his report, which was adverse to the petitioners.   Exceptions were filed, and the controversy is now before the court upon a motion to confirm the report.

The principal contention arises over a question of fact.   Were the respondents copartners?   The learned counsel for the petitioners conceded, on the argument, that the proof did not establish a partnership in fact.   There were no written articles; there was no parol agreement; the necessary incidents of partnership were all absent; no money was advanced for firm purposes by the respondents, or any of them; they did not participate in the profits or share in the losses.   *No partnership in fact existed.*   But it is asserted that, by failing publicly to disclaim the statement that they were directors, and by allowing their neighbors to believe that they were in some manner interested in the bank, the respondents are estopped from denying their liability to those who trusted the bank, relying upon their supposed connection with it.   The proof relied upon by the petitioners may be classed under two heads.   *First*, admissions of the respondents; *second*, advertisements that they were directors not disavowed by them.   It was proved that cards on which appeared the words, "The Waverly Bank," with the respondents named as directors, were circulated to a limited extent throughout the village.   A large card making a similar announcement was hung in the window of the banking house.   There was evidence tending to show that the respondents knew of these cards.   All this is emphatically denied.   Here, then, is a pure question of fact.   The referee has carefully considered all the evidence, and, even if this were a doubtful case, I should not feel justified in disturbing his conclusions.   He had numberless opportunities of judging of the character, intelligence, and credibility of the witnesses, which personal contact and acquaintance alone can give, and which a court sitting simply to review the written testimony can

never have. The court should be clearly satisfied that the referee was in error before assuming to reverse his findings on the facts. I am not so satisfied.

But there is another serious obstacle in the path of the petitioners. Assume the questions of fact to be found in their favor; assume that by reason of their negligent or disingenuous acts, the respondents are liable as partners to those who trusted the bank, believing them to be directors,—is an appeal to a court of bankruptcy the correct remedy? There were many other creditors who did *not* rely upon respondents, and who never heard of them as being identified with the bank in any way. Should the respondents be held liable to them? And yet, when once declared bankrupts on the ground that they were partners transacting business under the firm name of "The Waverly Bank," the door is opened to every provable debt. They must pay not only creditors of the bank who assert that they were misled, but also those who have no conceivable claim upon them. To illustrate: If A. falsely tells B. that he is a partner in the firm of C. & Co., and B. gives C. & Co. credit, relying upon A.'s representation, A. is most certainly liable to B., and as to *him* is estopped from denying the partnership. But C. & Co., have a hundred other creditors who never heard of A. or of his declarations. Is he liable to them also? Most certainly not. And yet, if on B.'s petition it is judicially established that A. is a member of the firm of C. & Co., and they as partners are adjudicated bankrupts, all the creditors of the firm stand in as favorable a position as B. They can all collect their demands of A. The bankrupt law was never intended to work such injustice. The partnership must be actual, not constructive.

If the petitioning creditors can succeed in establishing the alleged acts of omission or commission on the part of the respondents, their remedy is perfect in the state courts. The report of the referee should be confirmed.

Motion granted.